IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PENTECOSTAL HOUSE OF PRAYER AND DR. PERCY BLAND, SR. | : Case No.: |
| v. | : |
| PORSCHE CARS OF NORTH AMERICA, INC. | : |

TO:   THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §1331, §1446, §1441(a), and §1332, Defendant, Porsche Cars North America, Inc. (hereinafter referred to as "PCNA"), removes to this Court the above action, pending as civil action number 001312 (September 2021 Term) in the Court of Common Pleas of Philadelphia County, Pennsylvania. As grounds for removal, PCNA states:

### Background

1. This civil action was commenced by Plaintiff on September 17, 2021 and is pending in the Court of Common Pleas, Philadelphia County, a court located within this District, under Docket No. 001312 (September 2021 Term).

2. PCNA was served with a Complaint on or about September 22, 2021.

3. This Court has jurisdiction of this action under 28 U.S.C. §1331, *et seq.* and §1332, *et seq.* As such, removal is proper as this Court has original Federal Question jurisdiction and diversity jurisdiction.

4. PCNA is filing this Notice of Removal within thirty (30) days of service of the pendency of this action. *See* 28 U.S.C. §1446(b)(1).

5. Venue is proper in this Court because the Court of Common Pleas of Philadelphia County, where this case was originally filed, is in this District. *See* 28 U.S.C. § 1446(a).

6. Pursuant to 28 U.S.C. § 1446(d), PCNA is serving a copy of this Notice of Removal on all counsel of record. Notice of the filing of this Notice of Removal will be filed with the Clerk of the Court of Common Pleas of Philadelphia County.

7. Pursuant to 28 U.S.C. § 1446(a), "a copy of all process, pleadings, and orders served upon" PCNA prior to the filing of this Notice of Removal is attached as Ex. A.

### Federal Question Jurisdiction under 28 U.S.C. § 1331

8. The Complaint alleges two (2) causes of action: 1) violation of the Magnuson-Moss Warranty Act (the "Act") and 2) violation of the Pennsylvania Unfair Trade Practices and Consumer Protection Law (the "UTPCPL"). *See* Ex. A.

9. The Act, 15 U.S.C. § 2301 *et seq.*, is a federal statute over which this Court could have original jurisdiction since Plaintiff's Complaint seeks damages in excess of $50,000. *See infra*, "Amounts in Controversy" Section.

10. Pursuant to 15 U.S.C. § 2301(d)(1) and (3) district courts have appropriate jurisdiction for claims wherein the aggregate amount in controversy is greater than $50,000.

### Diversity under 28 U.S.C. § 1332

11. Removal is also proper where there is diversity of citizenship as to all properly joined parties and the amount in controversy exceeds the sum of $75,000, exclusive of interests and costs. *See* 28 U.S.C. § 1332.

12. Plaintiff Pentecostal House of Prayer is alleged to be a citizen of Pennsylvania. *See* Ex. A, ¶1.

13. Plaintiff Dr. Percy Bland is also alleged to be a citizen of Pennsylvania. *Id.* at ¶2.

2

14. For removal purposes, a corporation is "deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." *Id.* § 1332(c)(1).

15. PCNA is incorporated under the laws of the State of Georgia and maintains its headquarters and principal place of business in Georgia.

16. PCNA is a citizen of Georgia within the meaning of 28 U.S.C. § 1332.

17. Accordingly, the diversity of citizenship requirement under 28 U.S.C. § 1332(a) is met here.

## Amounts in Controversy[1]

18. Plaintiff alleges that the purchase price of the subject, used 2018 Porsche Panamera was "more than $139,792.00". *Id.* at ¶ 6.

19. This purchase price is the only actual damage amount offered in the Complaint.

20. As to Count I (violation of the Act), Plaintiff seeks damages "in an amount equal to the price of the subject vehicle, plus all collateral charges, incidental and consequential damages, reasonable attorney's fees, and all court costs." *See* Ex. A at *Ad Damnum* for Count I.

21. As to Count II (violation of the UTPCPL), Plaintiff seeks damages "in an amount not in excess of Fifty Thousand Dollars ($50,000.00) with collateral charges, attorneys' fees, all court costs and treble damages." *Id.* at *Ad Damnum* for Count II.

22. Neither statute limits Plaintiffs' recovery to under $50,000 or $75,000.

---

[1] In making its good faith calculations of the amounts being sought by the Complaint, PCNA does not concede or admit, in any fashion, that any claims for such amounts, or any amounts, have legal or factual merit, and reserves all rights and defenses to such claims

23. The amount in controversy is generally decided from the face of the complaint and the court must look to see if plaintiff's actual monetary demands, in the aggregate, exceed the threshold. *Wilson v. Walker,* 790 F.Supp.2d 406 (E.D.Pa. 2011).

24. "A defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014).

25. The Third Circuit uses the following criteria to determine the amount in controversy when a plaintiff seeks to limit damages below the jurisdictional threshold:

> 1) The party wishing to establish subject matter jurisdiction has the burden to prove to a legal certainty that the amount in controversy exceeds the statutory threshold; 2) a plaintiff if permitted by state laws, may limit their monetary claims to avoid the amount in controversy threshold and 3) even if a plaintiff states their claims fall below the threshold, this Court must look to see if the plaintiff's actual monetary demands in the aggregate exceed the threshold, irrespective of whether the plaintiff's states that the demands do not.

*Morgan v. Gray*, 471 F.3d 469, 474-75 (3rd Cir. 2006).

26. If the damages sought by Plaintiff for an alleged violation of the Act is "more than [the] $139,792.00" purchase price of the vehicle and $50,000 as to the UTPCPL claim as set forth in the *ad damnum* clauses, the applicable amounts in controversy are easily met here on the face of the Complaint.

27. If the total damages alleged in the Complaint are capped or limited to $50,000, Plaintiff's Complaint also seeks recovery of up to three (3) times the amount of damages sustained (or $150,000) under the UTPCPL claim as well reasonable attorney's fees so the amount under this interpretation would exceed the $75,000 amount in controversy to support diversity removal. *See also* ¶¶ 30-36, below.

28. If it is not so interpreted and the Complaint is read as seeking damages in the amount of $50,000 on both counts, the aggregate of $100,000 would exceed the $75,000 amount in controversy to support diversity removal.

29. Although the *ad damnum* clause for the UTPCPL count in the Complaint seeks damages in an amount not in excess of $50,000.00, this limitation is not dispositive of the amount in controversy even if it is interpreted to apply to the aggregate damages set forth in the Complaint. *See Wilson,* 790 F. Supp. 2d at 409-10.

30. "Plaintiffs in state court should not be permitted to ostensibly limit their damages to avoid federal court only to receive an award in excess of the federal amount in controversy requirement." *Morgan*, 471 F.3d at 477.

31. As it relates to limitations geared toward state law mandatory arbitration caps such as in the Complaint here, such limitation is not conclusive of the issue because, first, the cap exists as a jurisdictional trigger for compelling arbitration and is not a substantive recovery limitation and, second, state law allows Plaintiff to recover damages exceeding $50,000 in a *de novo* appeal from arbitration. *See Wilson*, 790 F. Supp.2d at 409 ("Pennsylvania courts... have held that in any *de novo* trial after arbitration, the plaintiff may seek more than $50,000 in damages.") (citing *Vanden-Brand v. Port Auth. of Allegheny Cnty.*, 936 A.2d 581, 584 (Pa. Commw. Ct. 2007)).

32. Under the Act, "the standard measure of damages is the difference between the value of the goods as warranted and the value of the defective goods." *Pavese v. General Motors Corp.*, 1998 WL 57761 at *5 (E.D.Pa. 1998). It is not the purchase price of the vehicle. The Complaint only contains the purchase price of the vehicle, not any alleged difference in value to establish damages under the Act. However, given that the purchase price of this vehicle is over

double the threshold amount of $50,000 for federal question removal, this amount could plausibly be meet here.

33. The UTPCPL allows for recovery of ascertainable loss, as well as treble damages and attorneys' fees. 73 P.S. §201-1 *et seq.*

34. Attorneys' fees and punitive damages[2] are included in calculating the amount in controversy if they are available to plaintiffs under a statutory cause of action. *See Suber v. Chrysler Corp.*, 104 F.3d 578, 585 (3d Cir. 1997); *see also Golden v. Golden*, 382 F.3d 348, 356 (3d Cir. 2004); *Frederico v. Home Depot, Inc.*, 507 F.3d 188, 199 (3d Cir. 2007).

35. The UTPCPL does not set forth a formula for the assessment of actual damages and the Pennsylvania Supreme Court has remained silent on the issue. However, in cases involving motor vehicles, "the Pennsylvania Superior Court has utilized the purchase price of the vehicle as a starting point, and has then deducted various sums, such as an amount to reflect plaintiff's usage of the car." *Goldstein v. United Lift Service Co.*, 2010 WL 4236932 (E.D.Pa. 2010) (citing *Samuel-Bassett v. Kia Motors Am., Inc.*, 357 F.3d 392 (3rd Cir. 2004)).

36. For example, in *Young v. Dart*, 630 A.2d 22, 27 (Pa. Super. 1993) (which, unlike the case at bar, contained a cause of action under the Pennsylvania Automobile Lemon Law), the Superior Court found that the trial court did not err in using a measurement of actual damages that resembled the remedy provided under §1955 of the Pennsylvania Automobile Lemon Law which provides:

> 73 P.S. § 1955("Manufacturer's duty for refund or replacement") If the manufacturer fails to repair or correct a nonconformity after a reasonable number of attempts, the manufacturer shall, at the option of the purchaser, replace the motor vehicle with a comparable motor vehicle of equal value or accept return of the vehicle from the purchaser **and refund to the**

---

[2] Treble damages are considered punitive damages. *Johnson v. Hyundai Motor America*, 698 A.2d 631 (Pa. Super 1997); *see also Schwartz v. Rockey*, 932 A.2d 885 (Pa. 2007)

**purchaser the full purchase price** or lease price, **including all collateral charges, less a reasonable allowance for the purchaser's use of the vehicle not exceeding 10¢ per mile driven or 10% of the purchase price or lease price of the vehicle, whichever is less**. Refunds shall be made to the purchaser and lienholder, if any, as their interests may appear.

(emphasis added).

37. Here, the vehicle had an alleged purchase price of $139,792. The first complaint is alleged to have occurred at 4,067 miles (*see* Ex. A at ¶11) so the deduction for use would be $406.70 (which is considerably less than 10% of the purchase price or $13,979.20) and the total would be $139,385.30, which far exceeds the $75,000 amount in controversy for diversity removal.

38. Plaintiff's Complaint claims that the UTPCPL "authorizes the Court, in its discretion to award up to three (3) times the actual damages sustained." *See* Ex. A, ¶37.

39. Certainly trebling plausible damages over $75,000 and adding attorneys' fees would escalate the amount even further above the $75,000 threshold.

40. Accordingly, this matter is removable pursuant to 28 U.S.C. § 1331 and § 1332 and this Court can exercise supplemental jurisdiction pursuant to 28 U.S.C. § 1367, as to any state claims due to the presence of independent Federal subject matter jurisdiction.

WHEREFORE, Defendant, Porsche Cars North America, Inc., effects the removal of this action from the Court of Common Pleas of Philadelphia County to the United States District Court for the Eastern District of Pennsylvania.

Respectfully submitted,

LAVIN, CEDRONE, GRAVER, BOYD & DiSIPIO

BY: _____
Gerard Cedrone, Esquire
(Pa. Bar No. 35500)
gcedrone@lavin-law.com
Howard W. Donahue, Jr., Esquire
(Pa. Bar No. 89401)
hdonahue@lavin-law.com
190 N. Independence Mall, West, Suite 500
Philadelphia, PA  19106
(215)627-0303
*Attorneys for Defendant,*
*Porsche Cars North America, Inc.*

Dated:  October 21, 2021

## CERTIFICATE OF SERVICE

I, Howard W. Donahue, Jr., Esquire, hereby certify that a true and correct copy of Defendant Porsche Cars North America, Inc.'s Notice of Removal was filed with the Clerk of the United States District Court for the Eastern District of Pennsylvania and served upon all counsel of record in this matter of the 21st day of October, 2021 via Email and First Class Mail.

>Jason L. Greshes, Esquire
>**Kimmel and Silverman, P.C.**
>30 East Butler Pike
>Ambler, PA  19002
>*Attorney for Plaintiffs*

>_____
>Howard W. Donahue, Jr., Esquire
>*Attorney for Defendant,*
>*Porsche Cars North America, Inc.*

Dated:  October 21, 2021
2279981v1